IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-635-FL

| | | |
|---|---|---|
| NORTH CAROLINA INSURANCE GUARANTY ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| WESCO INSURANCE COMPANY and TECHNOLOGY INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiff's motion to remand (DE 10). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiff's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this declaratory judgment action in the General Court of Justice, Superior Court Division, Wake County, North Carolina, on October 29, 2020, seeking declaration that defendants 1) provided coverage for certain claims by issuing workers' compensation liability insurance policies to employers operating in North Carolina and 2) must reimburse plaintiff for all amounts previously paid on those claims, pursuant to the North Carolina Insurance Guaranty Act, N.C. Gen. Stat. § 58-48-1, et seq. (the "Guaranty Act"). Plaintiff also seeks costs and attorneys' fees.

Defendants filed a notice of removal in this court on November 25, 2020, on the basis of diversity jurisdiction. Two weeks later, plaintiff filed the instant motion to remand for lack of subject matter jurisdiction, relying upon declaration of Donna P. Kallianos ("Kallianos"), plaintiff's chief operating officer. Defendants responded in opposition on December 22, 2020, and plaintiff replied in support on January 5, 2021.

## STATEMENT OF FACTS

Plaintiff is an unincorporated association arising and exiting under the Guaranty Act. (Compl. (DE 1-4) ¶ 1). Defendants are insurance companies licensed to transact workers' compensation insurance in North Carolina. (Id. ¶ 2). Until November 2017, Guaranty Insurance Company ("GIC") was an insurance company licensed to transact workers' compensation insurance in several states, including North Carolina. (Id. ¶ 4).

On November 27, 2017, a consent order of liquidation was entered against GIC, triggering plaintiff's rights and duties under the Guaranty Act. (Id. ¶ 7). Shortly thereafter, plaintiff commenced an investigation and discovered seven claims pending at the North Carolina Industrial Commission, where there was a primary policy of workers' compensation liability insurance issued by GIC and a primary policy of workers' compensation liability insurance issued by either defendant Wesco Insurance Company or defendant Technology Insurance Company, with the same periods of insurance coverage, providing coverage for all employees of the named insured employers. (Id. ¶ 10).

In light of GIC's insolvency, plaintiff tendered the seven workers' compensation claims to defendants on July 8, 2020, for further administration and payment, and advised defendants that it would seek reimbursement pursuant to the Guaranty Act. (Id. ¶ 16). Defendants allegedly denied

2

the tender of claims.  (Id. ¶ 17).  Since December 2017, plaintiff has been paying statutory benefits

to the relevant claimants, in amounts totaling $291,196.11 as of October 26, 2020.  (Id. ¶¶ 18, 19).

**COURT'S DISCUSSION**

A.      Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. §

1447(c).   "The burden of establishing federal jurisdiction is placed upon the party seeking

removal."  Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because

removal jurisdiction raises significant federalism concerns, [the court] must strictly construe

removal jurisdiction."   Id.  "If federal jurisdiction is doubtful, a remand is necessary."   Id.; see

Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020) (recognizing the court's "duty to

construe removal jurisdiction strictly and resolve doubts in favor of remand") (quoting Palisades

Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008)).

2.      Analysis

Plaintiff argues that remand is required because diversity jurisdiction asserted upon

removal is lacking.  This court has diversity jurisdiction over civil actions "where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .

. . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).  Importantly, "Section 1332 requires

complete diversity among parties, meaning that the citizenship of every plaintiff must be different

from the citizenship of every defendant."  Cent. W. Virginia Energy Co. v. Mountain State Carbon,

LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

A corporation is a citizen of the state in which it is incorporated and of the state in which

it maintains its principal place of business.  See id. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S.

77, 80–81 (2010). In contrast, "an unincorporated association['s] . . . citizenship is that of its members." See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). Finally, "[i]n actions seeking declaratory or injunctive relief, . . . the amount in controversy is measured by the value of the object of the litigation." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013).

Here, the amount in controversy requirement is satisfied, where plaintiff seeks declaration that defendants must reimburse plaintiff in the amount of $291,196.11. (Notice of Removal (DE 1) ¶ 4); (Compl. (DE 1-4) ¶ 26). Moreover, it is undisputed that defendants, Delaware corporations with principal places of business in New York, are citizens of Delaware and New York. (Notice of Removal (DE 1) ¶ 5); (Compl. (DE 1-4) ¶ 2). However, the parties dispute plaintiff's citizenship.

The United States Court of Appeals for the Fourth Circuit has not addressed the citizenship of an insurance guaranty association for purposes of diversity jurisdiction. However, two circuits and several district courts have held that the citizenship of such an association is that of all its members. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 677 (2d Cir. 1990) (holding that the citizenship of an insurance guaranty company is that of its members); Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n, 946 F.2d 390, 394 (5th Cir. 1991) ("LIGA has the citizenship for diversity purposes of each of its constituent member insurers."); Int'l Ins. Co. v. Virginia Ins. Guar. Ass'n, 649 F. Supp. 58, 59 (E.D. Va. 1986) ("The citizenship of an unincorporated association, as is Guaranty, [ ] is considered to be that of each member."); Tennessee Ins. Guar. Ass'n v. Penguin Random House, LLC, 271 F. Supp. 3d 959, 962 (M.D. Tenn. 2017) (holding that the Tennessee Insurance Guaranty Association was an unincorpoated association and thus was a citizen of every state in which each of its member insurance companies

4

was a citizen for diversity purposes); <u>Iowa Ins. Guar. Ass'n v. New England Ins. Co.</u>, 701 F. Supp. 177, 179 (S.D. Iowa 1988) (holding that an insurance guaranty association was a citizen of all states of which its members are citizens).

In so holding, courts have relied upon the United States Supreme Court's instruction "that, with the exception of corporations, the citizenship of an artificial entity for purposes of diversity is the citizenship of each of the entity's constituent members." <u>See e.g.,</u> <u>Temple Drilling</u>, 946 F.2d at 393 (citing <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185 (1990)).  This reasoning applies to the instant case, as plaintiff is not a corporation but rather a "nonprofit, <u>unincorporated</u> legal entity." N.C. Gen. Stat. § 58-48-25 (emphasis added).  Accordingly, plaintiff's citizenship is that of its members.  <u>See</u> <u>Gen. Tech. Applications</u>, 388 F.3d at 121 ("[A]n unincorporated association['s] . . . citizenship is that of its members.").

Defendants argue, however, that plaintiff is an "independent authority or political subdivision of the state of North Carolina and therefore is a North Carolina citizen." (Mem. (DE 14) at 2).  In support, defendants rely upon <u>S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.</u>, 535 F.3d 300 (4th Cir. 2008) (citing <u>Moor v. County of Alameda</u>, 411 U.S. 693, 717 (1973)). However, <u>Hoover Universal</u> involved the South Carolina Department of Mental Health, the South Carolina Department of Disabilities and Special Needs, and the South Carolina State Budget and Control Board–Insurance Reserve Fund, rather than an insurance guaranty association.  535 F.3d at 301.  Moreover, in <u>Hoover Universal</u>, the Fourth Circuit did not address how these entities' citizenships were determined, but rather, whether the entities could be "citizens" at all, in light of the well-established rule that a State is not a citizen for purposes of diversity jurisdiction.  <u>Id.</u> at 303.  As such, <u>Hoover Universal</u> is inapposite.[1]

---

[1]      Defendants' reliance on <u>Sotack v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n</u>, 104 F. Supp. 2d 471 (E.D. Pa. 2000) is also misplaced.  There, the court considered whether the insurance guaranty association was acting under

5

Next, defendants cite <u>Navy Fed. Credit Union v. LTD Fin. Servs., LP</u>, 972 F.3d 344, 355 (4th Cir. 2020) for the proposition an entity is not an unincorporated association for diversity purposes merely because the entity's name includes the word "association." In <u>Navy Federal Credit Union</u>, the Fourth Circuit explained that, in determining an entity's citizenship for purposes of diversity jurisdiction, "the relevant line is between incorporated and unincorporated entities, not 'associations' and 'corporations.'" <u>Navy Fed. Credit Union</u>, 972 F.3d at 355. To draw that line, the court "look[ed] to the [Navy Federal Credit Union's] statute of formation." <u>Id.</u> at 354. Because the statute of formation provided that the Navy Federal Credit Union "shall be a body corporate", the court held that it was a corporation for purposes of diversity jurisdiction. <u>Id.</u> at 355. Here, plaintiff's statute of formation provides that it is a "nonprofit, <u>unincorporated</u> legal entity." N.C. Gen. Stat. § 58-48-25 (emphasis added). Thus, under <u>Navy Federal Credit Union</u>, plaintiff is "an unincorporated association . . . imbued with the citizenship of all its members." 972 F.3d at 354.[2]

Alternatively, defendants argue that if plaintiff is an unincorporated association for diversity purposes, its citizenship is that of its board of directors. Defendants do not cite any cases, nor is the court aware of any, which hold that an entity's citizenship is that of its board of directors. In fact, the Supreme Court has "reject[ed] the contention that to determine, for diversity purposes,

---

color of state law for purposes of plaintiff's claim under 42 U.S.C. § 1983. <u>Sotack</u>, 104 F. Supp. 2d at 476. The court never addressed the insurance guaranty association's citizenship. <u>See id.</u>

2       Defendant cites <u>Manor Care of Am., Inc. v. Prop. & Cas. Ins. Guar. Corp.</u>, 185 F. App'x 308 (4th Cir. 2006) (per curiam) and <u>Liberty Mut. Ins. Co. v. Triangle Indus., Inc.</u>, 765 F. Supp. 881, 883 (N.D.W. Va. 1991) as cases involving insurance guaranty associations in federal court based upon diversity jurisdiction. However, in <u>Manor Care of America</u>, the insurance guaranty association was a corporation, rather than an unincorporated association. 185 F. App'x at 309. Moreover, in <u>Liberty Mutual Insurance</u>, the court never addressed the insurance guaranty association's citizenship. 765 F. Supp. at 883-86.

6

the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." Carden, 494 U.S. at 195.

Although Carden does not define "member", plaintiff's statute of formation provides "[a]ll insurers defined as member insurers in G.S. 58-48-20(6) shall be and remain members of the Association as a condition of their authority to transact insurance in this State." N.C. Gen. Stat. § 58-48-25. Moreover, "member insurer" is defined as any person who (i) writes any kind of insurance to which this Article applies under G.S. 58-48-10, including the exchange of reciprocal or interinsurance contracts, and (ii) is licensed and authorized to transact insurance in this State." N.C. Gen. Stat. § 58-48-20. As stated in Kallianos's declaration, 855 member insurance companies satisfy the foregoing definition, 44 of which are citizens of Delaware. (Kallionos Decl. (DE 10-1) ¶¶ 2, 5). Accordingly, where plaintiff is comprised, in part, of citizens of Delaware, and defendants are citizens of Delaware, diversity of citizenship is lacking.

Defendants argue, however, that plaintiff's board of directors should be its members because they are the "real parties in interest" rather than the member insurers, who "simply have no reason to wish for Plaintiff to prevail in this suit." (Mem. (DE 14) at 6).[3] Yet, as plaintiff notes, if plaintiff prevails, defendants, rather than plaintiff's members, will be assessed for the relevant claim payments. Accordingly, all of plaintiff's members have an interest in the outcome of this litigation, not just its board of directors.

---

[3]    Defendants also rely upon Certain Interested Underwriters at Lloyd's, London, England v. Layne, 26 F.3d 39, 43 (6th Cir. 1994). In Layne, the Sixth Circuit considered whose citizenship controlled for purposes of diversity jurisdiction: certain underwriters, who were named as parties in the suit, or unnamed, unincorporated syndicates, who the underwriters represented as agents. 26 F.3d at 41. Because "[a] party who deals with such an agent may sue either the principal or the agent, but not both", and the defendants elected to the sue the underwriters, as agents, "[t]he syndicates, as principal, therefore, were no longer liable to the defendants on the contract and, consequently, [we]re not real parties in interest." Id. Accordingly, the Sixth Circuit held that the citizenship of the underwriters, the real party in interest, controlled for purposes of diversity. Here, plaintiff is not acting as agent on behalf of an unnamed principal, so the holding of Layne is not applicable.

Finally, defendants assert that they risk prejudice in state court, as out of state citizens. Defendants cannot meet their burden of establishing federal jurisdiction by invoking policy concerns. In sum, where the weight of authority holds that plaintiff is an unincorporated association, whose citizenship is that of its members, federal jurisdiction is doubtful, and remand is necessary.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand (DE 10) is GRANTED. This case is REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina, for further proceedings. The clerk is DIRECTED to transmit a certified copy of this order to the clerk of the General Court of Justice, Superior Court Division, Wake County, North Carolina, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order. The clerk is further DIRECTED to close this case.

SO ORDERED, this the 10th day of February, 2021.

LOUISE W. FLANAGAN
United States District Judge

8